**HANG & ASSOCIATES, PLLC**
ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

JIAN HANG, ESQ.
Tel : (718) 353-8588
Cell: (718) 350-9308
Fax: (718) 353-6288
Email: jhang@hanglaw.com

January 13, 2014

**Via ECF**
The Honorable Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Tan v. Kong
              Case No. 14-cv-0294

Dear Judge Cogan:

    We are the attorneys for Defendant, Tooi Fah Kong ("Defendant"), in the above-mentioned matter. Pursuant to your Honor's Individual Practices, we are writing to respectfully request a pre-motion conference to discuss the following relief:

1. An order, pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6), dismissing the claims for relief

   a. All claims for overtime pay under the Fair Labor Standards Act ("FLSA") on the ground that 29 U.S.C. §213(b)(21) provides that the overtime pay provisions of 29 U.S.C.§207 do not apply to "any employee who is employed in domestic service in a household and who resides in such household" and the complaint alleges that plaintiff is such an employee.
   b. All claims based on the FLSA that arose prior to January 14, 2012 on the ground that they are barred by the two year statute of repose set forth in 29 U .S.C. §255(a), or alternatively
   c. All claims based on the FLSA that arose prior to January 14, 2011 on the ground that they are barred by the three year statute of repose set forth in 29 U .S.C. §255(a).

2. An order, pursuant to 28 U.S.C. 1367(c) that this Court declines, in the exercise of its discretion, to exercise supplemental jurisdiction over the state law claims in this action because it must dismiss all claims over which it has original jurisdiction.

Honorable Brian M. Cogan
February 13, 2014
Page 2

### I.     BACKGROUD

Plaintiff Tan was a residential domestic service employee of Defendant Kong from July 13, 2005 to October 3, 2010 and from January 4, 2011 to August 11, 2013. Complaint alleges that Plaintiff worked six (6) days a week, fifteen (15) hours each day, for a total of ninety (90) hours per week. Plaintiff seeks overtime unpaid overtime wages under FLSA and unpaid overtime wages, spread of hours payments and other state claims pursuant to New York Labor Law.

### II.    ARGUMENT

#### A.    Plaintiff Has No Claim Under The FLSA.

Plaintiff claims that she was entitled to receive overtime pay and was not paid for work beyond forty hours per week. For purposes of a motion to dismiss, we assume that she actually did work more than forty hours per week. The fatal flaw in her theory under the Fair Labor Standards Act is that employers are not required, under the Fair Labor Standards Act, to pay overtime to a residential domestic employee. 29 U.S.C. §213(b)(21). Section 207 of the FLSA is the basic section setting maximum hours of work. Section 213(b) provides that §207 does not apply to many categories of employee, including, in sub-section 21, "any employee who is employed in domestic service in a household and who resides in such household." *See Manliguez v. Joseph*, 226 F. Supp.2d 377, 388-89 (E.D.N.Y. 2002) (the court states that a residential domestic employee is not entitled to overtime under the FLSA.) Tan lived in the Kong household. She is therefore a "residential domestic employee" and not entitled under federal law to overtime pay.

Much of the complaint is concerned with events that are barred by the statute of limitations of the federal Fair Labor Standards Act, 29 U.S.C. §255(a). The limitations period is two years, unless the defendants' acts are deliberate, in which case the time increases to three years. Again, assuming the worst case for defendants, nothing that occurred prior to January 14, 2011 is relevant to plaintiff's claim under federal law and any claim based on events that occurred prior to January 14, 2011 is time-barred.

#### B.    Plaintiff's State Law Claims Must Be Dismissed.

Plaintiff asserts state law claims that defendants violated overtime pay requirements of the New York Labor Law, New York State spread of hours regulations, New York State statement to employee requirements and notice to employee requirements, and New York State record keeping requirements.  Defendants move pursuant to Fed.R.Civ.P. 12(b)(1) for an order dismissing plaintiff's state law claims on the ground that this court may and should decline to

Honorable Brian M. Cogan
February 13, 2014
Page 3

exercise supplemental jurisdiction over those claims. Because plaintiff's sole bases for federal subject matter jurisdiction are her FLSA claims, which must be dismissed, it should not accept supplemental jurisdiction over the state law claims.

      28U.S.C. §1367(c)(3) gives a federal district court the right to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. It is the policy of this circuit for the courts to decline supplemental jurisdiction under §1367(c)(3) when a case has been dismissed at an early stage, as is the case here. *See*, *Harsco Corp. v. Segui*, 1996 WL 428911, at *12 (2d Cir. Aug. 1, 1996) (where district court dismissed all claims over which it had original jurisdiction before any responsive pleading was served, it should have declined to exercise supplemental jurisdiction over state law claims). *Fradet v. Schwartz*,1996 WL 521428 (S.D.N.Y. 1996) ("because plaintiffs' sole bases for federal subject matter jurisdiction are their RICO claims, which are dismissed, that motion [to dismiss state law claims] is granted." As in the current case, no responsive pleading had been served and no discovery had taken place. *Gurfein v. Ameritrade*, 411 F. Supp.2d 416 (S.D.N.Y. 2006) (after district court dismissed all of the federal securities fraud claims, it declined to exercise supplemental jurisdiction and dismissed all of the state law claims.) Similarly, the Court should decline jurisdiction over the state law claims in this case.

      Respectfully submitted,

      /s/ *Jian Hang*
      Jian Hang, Esq.

cc: John Troy, Esq. (via ECF)